IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND and TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN, Plaintiffs, v. CONVERGED COMMUNICATION PARTNERS INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.:    2:15-cv-447 |

## **COMPLAINT**

The Trustees of the Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund and Trustees of the Michiana Area Electrical Workers Money Purchase Plan, by their undersigned attorney, hereby complain of Defendant, **Converged Communication Partners Inc.** as follows:

JURISDICTION AND VENUE

1.      This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2.      This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Funds offices are located in South

Bend, Indiana, the Funds are administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

PARTIES

3.     Plaintiffs are the Trustees of the Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund and Trustees of the Michiana Area Electrical Workers Money Purchase Plan (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2).   The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and are therefore "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3).   The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4.     Converged Communication Partners Inc. ("CCP") is an Indiana corporation, whose principal place of business is in Mishawaka, Indiana.

5.     CCP is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

FACTUAL ALLEGATIONS

6.     CCP is a party to a Collective Bargaining Agreement ("CBA") with IBEW Local 153 (hereinafter "the Union").

2

7.      CCP is also a party to an Assent of Participation Agreement, which is part of the Revised Agreement and Declaration of Trust establishing the Michiana Area Electrical Workers Pension Fund, as amended and/or restated. ("Trust Agreement").

8.      CCP employs and has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBA, and agreements referred to therein.

9.      The CBA requires CCP to make periodic contributions on behalf of its employees to the Funds, in amounts established by the applicable CBA.

10.     The Trust Agreement provides in pertinent part:

**Section 3.1 <u>Procedure for Payment</u>:**

> Each Employer shall make prompt contributions to the Trust Fund in such amount and under the terms provided for in the applicable Collective Bargaining Agreements which are in effect from time to time between the Employers or their bargaining representatives and the Union, or in such amount and under such terms as may be agreed upon in writing between the Employer and the Union, provided that such contributions shall be subject to acceptance by the Trustees and shall be deposited by the Trustees to the credit of the Trust Fund in a bank or depository designated by the Trustees.   The Employer agrees that there shall be an absolute obligation to the Trust Fund and such obligation shall not be subject to setoff or counterclaim which any Employer may have for any liability of the Union.

> …

**Section 3.3 <u>Failure to Make a Requisite Contribution</u>:**

> In the event that the contribution payments by an Employer are not received when due, there shall be assessed a late penalty in such amount as the Trustees may by resolution establish from time to time.   The Employers party to or otherwise bound by this Agreement acknowledge that the liquidated damages may be used to defer administrative costs arising out of such delinquency and acknowledge the cost to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten (10%) percent and waive the necessity of any additional proof thereof.

> In addition, any Employer delinquent in the contributions required to be made under this Agreement shall also pay interest on the unpaid contributions at such rate as may be provided under applicable federal law, the costs of collection,

3

including court costs, attorney fees, audit costs, filing fees and any other reasonable expenses incurred by the Trustees.

…

**Section 3.5 <u>Collection of Contributions</u>:**

…

      The Trustees in their names as Trustees shall have the power to demand, collect, receive and hold Employer contributions and may take such steps, including the institution of prosecution of or the intervention in any proceeding at law, inequity (sic) or in bankruptcy as may be necessary or desirable to accomplish the collection of any Employer contribution.

      Non-payment by any Employer, of any contribution or other monies owed to the Fund, shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.


11.    CCP has violated its obligations under the CBA, the terms of the Trust Agreement, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to pay the required contributions to Plaintiffs' Funds from June 2015 to current, as well as late penalties and other assessments.

12.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless CCP is ordered to specifically perform all of its obligations required under the CBA, specifically payment of all required Fund contributions and assessments.

    WHEREFORE, Plaintiffs pray that the Court enter a Judgment and Order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

      A.      Finding and declaring that Defendant is in violation of the Collective Bargaining Agreement, the Trust Agreement, Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301(a) of LMRA, 29 U.S.C. § 185(a);

      B.      Ordering Defendant to pay to the Funds all delinquent amounts and all amounts owed;

      C.      Ordering Defendant to pay to the Funds interest on all delinquent contributions;

      D.      Ordering Defendant to pay to the Funds liquidated damages in the amount of 20% of all delinquent contributions;

      E.      Ordering Defendant to pay to the Funds their reasonable attorneys' fees and costs; and

      F.      Granting Plaintiffs such other and further relief as the Court may deem just.


By:     /s/  Teresa A. Massa
        Teresa A. Massa, #16133-45
        1158 W. Lincolnway, Ste. 2
        Valparaiso, Indiana   46385
        (219) 465-1766
        Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 9th day of December, 2015, on the following:

| | |
|---|---|
| The Office of Division Counsel | Secretary of Labor |
| Associate Chief Counsel (TE/GE) CC:TEGE | 200 Constitution Ave., N.W. |
| Room 4300 | Washington, D.C.   20210 |
| 1111 Constitution Ave. | Attn:   Asst Solicitor for Plan Benefits Security |
| Washington, D.C.   20224 | |


     /s/  Teresa A. Massa